SAMUEL R. HARRISSON *v.* THE BOARD OF POLICE OF WILKINSON COUNTY.

COUNTY TREASURER: COMMISSIONS.—County treasurers are allowed by the Act of 1846 (Hutch. Dig. 714, Art. 15), three per cent. commissions on all sums received by them for the use of the county: but they are not entitled to any additional compensation for disbursements.

ERROR to the Circuit Court of Wilkinson county. Hon. Stanhope Posey, judge.

*D. W. Hurst*, for plaintiff in error.

*H. T. Simrall*, and *Dillingham* and *Van Eaton*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiff in error, to recover an amount claimed by him for commissions upon moneys received and paid out by him, as treasurer of Wilkinson county, from the year 1850 to the year 1853, inclusive. The defence was, that, in his

settlements with the Board of Police, he had received the full amount of commissions to which he was entitled by law.

Upon the trial, it was proved that, in the several settlements made by the Board of Police with the plaintiff, for the years referred to, they had allowed and paid him three per cent. on all moneys received by him; and that he was not allowed three per cent. upon moneys paid out by him. The court instructed the jury, at the instance of the defendant, that the plaintiff was entitled, under the law, to three per cent. commissions on all moneys collected and paid out by him as county treasurer; and not three per cent. on the moneys received and collected by him; and also three per cent. on the moneys by him disbursed and paid out.

To this instruction the plaintiff excepted, and, the verdict and judgment being against him, he brings the case here.

The case depends upon the Statute of 1846 (Hutch. Dig. 714, Art. 15), which provides that "the different Boards of Police in this State, in settling with the treasurer of the different counties, shall only allow him three per cent. on all moneys collected and paid out by him for the use of the different counties."

The terms of this statute are plain and unambiguous. It restricts the Board of Police to the allowance of *only* three per cent. for the service of collecting and paying out the funds in his hands, which is treated as but one service. And it appears that it was the object of the statute, to establish a fixed and certain rate of compensation, for the performance of the duty of receiving and disbursing the county moneys. The Statute of 1824 authorized the allowance of "*not more than five per cent. on all moneys paid into the county treasury*," &c.; thereby fixing the *maximum* which could be allowed. Hutch. Dig. 463. It would appear to have been the object of the Legislature, in passing the Act of 1846, to take away the discretion allowed by this statute, and to make a fixed and uniform rule of compensation. And in neither of these statutes—and they are the only statutes regulating the subject of the general compensation of county treasurers—does it appear that it was intended that a distinct compensation should be made for receiving, and also for disbursing the moneys of the county, as separate duties; but they seem to be regarded as parts of the same official duty. But we find that, with regard to the three per cent. fund received into

the county treasury, it is distinctly provided that the treasurer "shall not receive more than one per cent. for collecting, and one per cent. for disbursing the fund" (Hutch. Code, 464), thereby showing that, when the Legislature intended to treat the two services as distinct, and to allow compensation accordingly, express provision was made for a compensation for both services.

It is urged, in behalf of the plaintiff, that, under the rule stated in the instruction, it would be necessary for the treasurer, not only to receive, but to pay out the money, before he could be entitled to his commissions, even of three per cent. for both services; and, consequently, that if he paid out but a small part of the moneys received, he would be entitled to allowance only for the amount so paid out,—the allowance being for moneys collected and paid out.

We do not consider this a proper view of the instruction. The instruction must be taken with reference to the evidence before the jury. That was, that the plaintiff had been allowed, and had received, three per cent. upon the moneys received by him; and he claimed the further sum of three per cent. for the disbursement of the same money. The purport of the instruction was, that he was entitled, by law, to three per cent. upon all the moneys received by him; but was not entitled to three per cent. for paying out the same. The latter sum was the subject of the controversy; and the instruction declared the proper construction of the statute on that point.

It appears to be plain, that the Statute of 1846 intended that but one allowance should be made for both acts of receiving and disbursing the moneys. But the faithful performance of the duty of receiving and safely keeping the money would entitle the treasurer to his full commissions, if it should happen that the moneys received were not all required to be paid out; and the statute appears to have proceeded upon the supposition that all the moneys collected would be required to be paid out.

The judgment must be affirmed.